In the Matter of the Estate of David P. Wilcox, Deceased. Albert J. Baldwin et al. v. Hannah Robinson et al.

*Will—Undue influence—Question for jury.*

The trial court is held to have erred in taking the case from the jury.

Error to Clinton. (Daboll, J.) Submitted on briefs October 14, 1892. Decided November 4, 1892.

Appeal from order admitting will to probate. Reversed. The facts are stated in the opinion.

*Fedewa & Merrill* and *E. G. Stevenson,* for contestants and appellants.

*Spaulding & Walbridge,* for proponents.

Long, J. The testator died on January 2, 1891, leaving a last will and testament. The will was made September 13, 1888, and bequeathed all his household goods, wearing apparel, ornaments, and one-third of the remainder of his personal property to his wife, forever, and also devised

to her one-third of his real estate during the term of her natural life. The remainder of his real and personal estate he gave to his son, David P. Wilcox, Jr., forever, providing that, should the son die before he arrived at the age of 21, without issue, then said remainder should go to the testator's wife, forever. This will was approved and allowed in the probate court for Clinton county, March 10, 1891, and from which the contestants appealed to the circuit court.

The beneficiaries under the will are the second wife and her child by the testator. The testator, at the time of his second marriage, had two daughters by a former marriage then living, and at that time was about 76 years of age. Before the death of his first wife, the present Mrs. Wilcox, whose name was Ella Duff, lived in his family. She was a comparatively young woman, and had previously been married.

The will is contested solely on the ground of undue influence, claimed by the contestants to have been exercised over the aged father by the second wife. At his death the testator left an estate of about $35,000, consisting of farming land and personal property, the whole of which, by the terms of the will, was given to his wife and her child, to the exclusion of his daughter, and the representatives of the other daughter, who had died prior to the death of the testator. Considerable testimony was offered upon the trial in the court below tending to show undue influence, but the court was of the opinion that some of this testimony was too remote, and that no showing was made near enough to the time of the execution of the will to make a case for the determination of the jury. Many pages of the record are taken up with offers of testimony, and which, with the testimony taken by deposition, counsel for contestants claim the court erred in excluding, and in determining as matter of law that it did not constitute undue

influence at the time the will was executed. The court directed a verdict in favor of the proponents.

It would be unprofitable, in the present state of the case, to determine more than the one question of whether the case, under the testimony given and that offered, should have been submitted to the jury; and in the determination of that question it is not necessary to set forth the testimony here, as we think, upon the whole record, the court erred in taking the case from the jury.

The verdict and judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.